UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JUSTISS OIL COMPANY, INC. | CIVIL ACTION NO. 07-1745 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| T3 ENERGY SERVICES, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**REPORT AND RECOMMENDATION**

Before the court is defendant, Neeco Industries, Inc.'s, motion to dismiss, **Doc. #11**, referred to me by the district judge for report and recommendation. The motion seeks dismissal based on lack of personal jurisdiction over the defendant. Limited discovery on these issues has been completed.

**Background**

Plaintiff, Justiss Oil Company, Inc. (Justiss Oil), is a Louisiana resident and sued defendants, T3 Energy Services (T3), Neeco Industries, Inc. (Neeco), and Tech-Seal International, all Texas residents, alleging that defendant, Neeco, sold equipment to defendant T3 which sold it to plaintiff and which equipment failed, causing additional work to have to be done on the oil well. T3 has filed a cross claim against Neeco. Defendant, Neeco, claims that this court has no personal jurisdiction over it.

**Discussion**

Neeco is a Texas company with its principal place of business in Texas. Neeco claims it sold the equipment to T3, a Texas company and that Neeco was not a direct seller of the equipment to Justiss Oil, a Louisiana company. Further, it asserts that it has conducted only limited business

1

in Louisiana. Specifically, Neeco shows that in the past 14 years, it has made only three sales, all to the same company in Shreveport. Each time the sale was initiated by the Shreveport company and Neeco did not travel to Louisiana for the transaction or for service, installation or maintenance. Neeco further argues that it has never marketed, advertised or solicited business in Louisiana. In 2006, it contends for example, it conducted 98% of its business in Texas and only .028% in Louisiana, the rest being in Oklahoma. These facts are supported by the affidavit of Ashok Dora, President of Neeco.

Thus, Neeco argues, it has no "continuous and systematic contacts" with Louisiana sufficient to allow Louisiana to assert jurisdiction over it.

T3 suggests that it was entirely foreseeable that Neeco's oil field equipment would find its way into Louisiana since Louisiana is an oil and gas producing state.

The burden to make a prima facie showing that the defendants have meaningful contacts with Louisiana rests with the plaintiffs. Revell v. Lidov, 317 Fed. 3d 467 (5th C. 2002); International Shoe Co. v. State of Washington 66 S. Ct. 154, (1945); Wilson v. Belin, 20 Fed. 3d 644 (5th C. 1994), cert. den., 115 S. Ct. 322. The court must accept plaintiffs' uncontroverted allegations as true, but it may consider affidavits and other documentation resolving conflicts in favor of claimant. See Guidry v. U. S. Tobacco Co., Inc., 188 Fed. 3d 619 (5th C., 1999); Revell, supra.

Federal courts in Louisiana may exercise jurisdiction over a non-resident defendant only to the extent allowed by Louisiana's Long Arm statute and as consistent with due process. Stripling v. Jordan Production Co., LLC, 234 Fed. 3d 863 (5th C. 2000). Louisiana's long arm statute extends

jurisdiction to the constitutional limits of due process. La. R.S. 13:3201(B).[1] <u>Burstein v. State Bar of California</u>, 693 Fed.2d 511 (5th C. 1982). Jurisdiction consistent with due process exists where the defendant has purposely availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state, and the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." <u>Mink v. AAAA Development LLC</u>, 190 Fed. 3d 333, 336 (5th C. 1999) (quoting <u>International Shoe</u>., supra).

---

[1] Louisiana's long arm statute provides:

"§3201. Personal jurisdiction over nonresidents
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this State.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this State.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
(6) Non-support.
(7) Parentage.
(8) Manufacturing of a product or component thereof which caused damage or injury in this state.
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the constitution of the United States."

3

As the Fifth Circuit explained in Luv n' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465 (5th C. 2006), the Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction in personam of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Jurisdiction may be general or specific. Where a defendant has "continuous and systematic general business contacts" with the forum state, Helicopteros Nacionales de Colombia, S.A. v. Hall, 415, 104 S.Ct. 1868, (1984), the court may exercise "general" jurisdiction over any action brought against that defendant. Id. at 414, 104 S.Ct. 1868 n. 9.FN2 Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." Id. at 414, 104 S.Ct. 1868 n. 8.

Minimum contacts may be established either through contacts sufficient to assert specific jurisdiction or contact to assert general jurisdiction. Alpine View Co. Ltd. v. Atlas Coco AB, 205 Fed. 3d 208, 214 (5th C. 2000). Only where a non-resident defendant has "purposely directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities" are the defendants' contacts sufficient to support the exercise of specific jurisdiction over that defendant. Burger King v. Rudzewicz, 105 S. Ct. 2174 (1985). Stated differently, specific jurisdiction exists where a defendant 'purposely avails itself of the privileges of conducting activities within the forum state, thus invoking the benefits of its laws." Dickson Marine, Inc. v. Panalpina, Inc. 179 Fed. 3d 331 (5th C. 1999).

In this case, plaintiffs have not shown by affidavit or otherwise any history of continuous and systematic contacts between the non-resident defendants and Louisiana. The only transactions shown

are the three sales to a Shreveport company over the course of 14 years. However, the "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.' See Burger King v. Rudzewicz, 471 U. S. 462, 474 (1985) (citing International Shoe Co. v. Washington, 326 U. S. 310, 316 (1945). As the court in Revell v. Lidov, 317 F.3d 467 (5th C. 2002), noted, "even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction–in other words, while it may be doing business *with* [Louisiana]$^{2}$, it is not doing business *in* [Louisiana]$^{3}$."

I find that the three isolated sales by Neeco over a period of 14 years are not continuous, systematic contacts sufficient to invoke general personal jurisdiction over Neeco in Louisiana.

In regard to specific jurisdiction, the Fifth Circuit has adopted a three part test: 1) whether the defendant purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there, 2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts, and 3) whether the exercise of personal jurisdiction is fair and reasonable. Nuovo Pignone v. Storman Asia M/V, 310 F.3d 374 (5th C. 2002) In order to be held to have purposefully availed itself of the privilege of conducting business, the defendant's conduct must show that it "reasonably anticipates being haled into court" in Louisiana. World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); Luv N' Care, Ltd. v. Insta-Mix, Inc. et al, 438 F.3d 465 (5th C. 2006). In that regard, T3 argues that Neeco placed the

---

$^{2}$ Texas in original.

$^{3}$ Texas in original.

5

equipment in the "stream of commerce" knowing that, because Louisiana is an oil and gas-producing state, that the equipment could end up in Louisiana. The 5th C. discussed the stream of commerce rule in Luv N' Care, supra. The court held that, at least where the defendant knows the product will reach the forum state, placing the product into the stream of commerce can constitutionally rise to the level of "purposeful availment". The court held that mere foreseeability is enough. Thus, the court noted that "[w]here a defendant knowingly benefits from the availability of a particular state's market for its products, it is only fitting that the defendant be amenable to suit in that state. We have, therefore, declined to follow the suggestion of the plurality in Asahi[4], 480 U.S. at 112, 107 S.Ct. 1026, that some additional action on the part of the defendant, beyond foreseeability, is necessary to "convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State."

Based on this analysis, I conclude that it was not foresseeable to Neeco that its equipment would reach Louisiana. The mere fact that Louisiana happens to be an oil and gas-producing state is not sufficient to conclude that Neeco had the expectation that its product would ultimately be purchased by an oil and gas company (Justiss) in Louisiana. It did not knowingly benefit from Louisiana's market for its products. And Neecos's conduct does not show that it reasonably anticipated being haled into a court in Louisiana.

T3 cites Bean Dredging Corporation v. Dredge Technology Corporation 744 Fed 2d 1081 (5th C. 1984) for the proposition that where a manufacturer distributes its product broadly through a distributor, that manufacturer may be subject to a particular forum's jurisdiction. In this case, however, the only evidence reflects that Neeco sold all but .028% of its products in Texas and

---

[4] Asahi Metal Indus. Co. v. Superior Court.

Oklahoma and did not distribute them nationally as in Bean such that they could have expected their product to be used in any state. The facts presented here are easily distinguished from Bean Dredging.

Therefore, I find that the Nuovo Pignone test is not met and specific jurisdiction does not exist.

For the foregoing reasons, because neither general nor specific personal jurisdiction is present, IT IS RECOMMENDED, that defendant Neeco's Motion to Dismiss be granted, and that plaintiffs' claims against Neeco be dismissed.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 22nd day of August, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE